[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DATE OF SENTENCE: DECEMBER 9, 1998 DATE OF APPLICATION: DECEMBER 14, 1998 DATE APPLICATION FILED: DECEMBER 24, 1998 DATE OF DECISION: SEPTEMBER 28, 1999
 Application for review of sentence imposed by theSuperior Court, Judicial District of New London, at Norwich.
 Docket No. CR94-0059312
 Richard Perry. Esq. Defense Counsel, for Petitioner.
 Paul Murray. Esq. Assistant State's Attorney, for the State.
 Sentence: AFFIRMED
 BY THE DIVISION:
On or about May 24, 1995, the petitioner entered a plea of guilty to the crime of Assault in the Second Degree, a violation of C.G.S. § 53a-60, a class D felony. A pre-sentence investigation was ordered. On or about July 6, 1995, the petitioner was sentenced to a 5 year period of incarceration, execution suspended after serving 2 years incarceration, to be followed by 3 years of probation. After a period of confinement, probation did commence on or about November 25, 1996.
Thereafter a warrant was prepared and executed upon the petitioner for alleged violations of probation. On or about December 9, 1998, an evidentiary hearing on the alleged violation of probation was held before the Superior Court. After the hearing, the petitioner was found in violation of his probation, the probation was revoked, and the full unexecuted portion of the prior sentence, three (3) years incarceration, was imposed on the petitioner.
It is this 3 year sentence for the violation of probation that the petitioner seeks review.
A revocation of probation hearing is a continuing consequence of the original conviction and sentencing of July 6, 1995. Accordingly, the underlying facts of the original conviction are relevant. The factual basis for the assault in the second degree concerns a female individual with whom the petitioner resided, who did not, apparently, complete her domestic chores in either a timely or satisfactory manner. An argument ensued, whereby the petitioner "without provocation, suddenly punched her twice with a closed fist to her left side." As a result of this blunt trauma, the victim's spleen had to be surgically removed.
At the hearing on the alleged violation of probation the following was revealed. The petitioner had specific conditions of probation, inter alia, ". . . that he must cooperate with any and all counseling required by the office of adult probation . . . co-operate with and any random urinalysis. . . ."[1]
There existed many violations of the conditions of the petitioner's special conditions of probation. Multiple analysis of the petitioner's urine disclosed the presence of marijuana and, on one occasion, cocaine. CT Page 14191
In an attempt to keep the petitioner in treatment, the probation officer elected not to seek a violation of petitioner's probation but instead ordered the petitioner to a specific out-patient treatment program. The petitioner was terminated from this program for non-compliance with its attendance policy.
Petitioner was then referred to another program to enable petitioner to continue in treatment. Petitioner was ordered to attend this program each week for a minimum of 10 weeks. The petitioner attended only one session and was terminated for non attendance.
The probation officer then referred the petitioner to the Alternative Incarceration Center (AIC). In the AIC program, petitioner rendered dirty urines, the last being April 24, 1998 indicating the presence of cocaine and petitioner missed scheduled meetings. The petitioner was likewise terminated from this program for non-compliance.
At the sentence review hearing, counsel for the petitioner stressed the good qualities of the petitioner and the fact that petitioner was a college student at the time of the assault.
The petitioner addressed the Division and indicated that while on probation he was "trying his hardest."
The State's Attorney countered with the concerted efforts of the probation officer to have the petitioner comply with treatment, to no avail.
The petitioner was given the benefit of a split sentence for the infliction of a serious physical injury to another person.
The court placed the petitioner on probation after a period of confinement, with the specific conditions that petitioner comply with any and all orders of the probation officer relevant to any treatment and/or counseling for any substance abuse problems the petitioner may have. The petitioner repeatedly violated these conditions of probation.
It is noteworthy that the probation officer referred the petitioner to three successive entities for treatment in an effort to have the petitioner receive the necessary treatment. The petitioner repeatedly thwarted these efforts. CT Page 14192
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq. and Connecticut General Statute § 51-194
et seq.
In reviewing the record as a whole, this Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate or disproportionate.
The sentence is AFFIRMED.
MIANO, J.
KLACZAK, J.
NORKO, J.
Miano, J., Klaczak, J. and Norko, J. participated in this decision.